## First National Bank of Lancaster *versus* Hartman.

1. The indorsement on a note, "I hereby guarantee the payment of the within note without protest," is an express waiver of demand and notice of non-payment and releases the indorser.

2. The liability of an indorser thus released is not revived by reason of the fact alone, that on the day of the maturity of the note and subsequent to such guarantee, the indorser was informed of the non-payment of the note and signed an additional guarantee thereof. While such indorser would be liable on his contract of guarantee, he would not continue liable on that of the indorsement, without proof that the guarantee was given for the purpose of continuing his liability as indorser, and whether or not this was so was, under the facts of the case, held proper for the determination of the jury.

May 20th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

ERROR to the Court of Common Pleas of *Lancaster county*: Of January Term 1885, No. 81.

This was an action of assumpsit by the First National Bank of Lancaster against George H. Hartman on a promissory note for $1,100, payment of which the defendant had guaranteed "without protest." Pleas, payment, with leave, etc.

On the trial, before PATTERSON, J., it appeared that the note on which suit was brought was at follows:

$1100.                    Lancaster, Pa., May 23d, 1877.

Sixty days after date we promise to pay to the order of Samuel Groff, at the First National Bank of Lancaster, eleven hundred dollars, without defalcation. Value received.

Credit the drawer.                    DILLER & GROFF.
SAMUEL GROFF.

[Indorsed.]
SAMUEL GROFF.
D. G. SWARTZ.

I hereby guarantee the payment of the within note without protest.                    G. H. HARTMAN.

December 31st, 1880. Received $140.85, dividend on assigned estate of Diller & Groff, from P. D. Baker.
                    JOHN E. HUBLEY, Teller.

It appeared that Hartman signed the above guarantee on the day of the maturity of the note in order to save the costs of

protest; that "shortly after," on the same day, D. G. Swartz on being informed of the non-payment of the note signed the following additional guarantee:

"I hereby guarantee the payment of all notes drawn by Diller & Groff and indorsed by me, now held by First National Bank, Lancaster, Pa., either matured or to mature.

"July 25th, 1877.                                     D. G. SWARTZ."

The facts of the case, the offers of evidence, defendant's defences and the respective rulings of the court were substantially the same as those in the preceding case of Bank *v.* Shreiner, *ante* p. 188.

The jury under instructions from the court rendered a verdict for defendant. Thereupon plaintiff took this writ, assigning for error substantially the same specifications as those in the preceding case.

*D. G. Eshleman* (*A. Herr Smith* with him), for plaintiff in error.

*George Nauman* and *Philip D. Baker*, for defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the Court, October 5th, 1885.

On the former trial of this action the defendant offered to prove, among other things, that the note was discounted by the plaintiff for the benefit of Swartz and the proceeds went to his credit; and that on July 25th, 1877, the day the note became due, before Hartman guaranteed it, Swartz delivered to the plaintiff a guaranty as follows: "I hereby guarantee the payment of all notes drawn by Diller & Groff and indorsed by me, now held by the First National Bank of Lancaster, Pennsylvania, whether matured or to mature." The offer was rejected.

After referring to what was said in Zahm *v.* The Bank in regard to the liability of the guarantor, as applicable to this case, it was said by Justice STERRETT: "The testimony offered and excluded by the court would have tended to prove that Swartz, the second indorser, continued liable to the bank notwithstanding the note may not have been formally protested. His guaranty, alleged to have been given to the bank before the maturity of the note, was virtually a waiver of protest so far as he was concerned:" Hartman *v.* The Bank, 103 Pa. St., 581. In view of the excluded offer of proof, that was unquestionably sound, and would be decisive against the plaintiff should the jury find there was such waiver of protest as continued the liability of Swartz as indorser. According to the offer Swartz's guaranty was made prior to Hartman's, as well

as before the maturity of the note, without circumstances showing absence of intent to waive protest. .

The words "protest waived" are equivalent to an express waiver of demand and notice of non-payment. A waiver of protest without more is sufficient to dispense with demand and notice. Its very purpose is to supersede the ordinary steps and save trouble and expense: Annville Nat. Bank *v.* Kettering, 106 Pa. St., 531. Hartman's guaranty on its face dispensed with the giving of notice to the indorsers, and that included their release. If he gave it to save the expense of protest, the consideration was good. That the plaintiff would let the indorsers go was involved in his contract. If subsequently, though on the same day, the date of maturity of the note, the plaintiff and Swartz made a new contract, expressed and intended to be an additional guaranty to that already made by Hartman, such guaranty was not a virtual waiver of protest. Informing Swartz that the note was unpaid, in the negotiation between him and the cashier, not with intent to continue his liability as indorser, was not notice of such character as makes him liable on his indorsement instead of the new contract of guaranty. It is clear that Hartman intended a release of the indorsers, and it may well be inferred from the testimony of Harner that the Bank so intended, and took a new obligation. There is testimony tending to show that Diller & Groff are the principal debtors and while this, if true, is not a controlling fact, it is consistent with the desire of both the bank and Swartz to hold on to Hartman's guaranty. The questions of fact ought to have been submitted to the jury. It was error to affirm the defendant's fourth point that "under all the evidence in the case the verdict must be for the defendant."

The assignments of error need not be remarked *seriatim.* They are sustained as to all rulings therein complained of which are not in accord with this opinion and with the opinion in First National Bank of Lancaster *v.* Zahm's Executors, just decided. (*Ante, p.* 188). .

> Judgment reversed and *venire facias de novo* awarded.